Filed 10/23/14  P. v. Nguyen CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075680 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F03122) |
| v. | |
| LOM VAN NGUYEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lom Van Nguyen has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record as required by *Wende*, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

In May 2013, the Sacramento County Sheriff's Department initiated a program at the Sacramento International Airport (whose airport code is SMF) to monitor heavy-duty diesel trucks for theft of catalytic converters. Sheriff's deputies drove through the airport parking lot and catalogued the Dodge trucks with catalytic converters. The information gathered included the model and color of the truck, license plate number, where it was parked, whether it had a catalytic converter, whether the converter was missing or the vehicle itself had been converted. They also used a carbide scribe tool to mark the catalytic converters with the letters SMF and the license plate number of the truck. The trucks in the parking lot were frequently reinventoried. Anytime a catalytic converter on one of the vehicles was missing, a sheriff's deputy filed a crime report.

One morning, Deputy Lindsay White was conducting her patrol at the economy parking lot at the airport. She stopped her vehicle to check on a Dodge truck and whether it still had its catalytic converter. As she walked between the truck and the minivan parked next to it, she saw a duffel bag lying between the vehicles. She also saw an adult man seated in the driver's seat of the minivan. She called dispatch for assistance.

When Deputy White asked the man sitting in the minivan, Eduardo Labitoria, to roll down his window, she saw two men sit up in the back of the van. One of those men was defendant. Later, when defendant and Labitoria were outside the van, White and another deputy noticed defendant had a greasy substance on his hands and dirt on the back of his shirt, as though he had been lying on the ground. The substance on defendant's hands was similar to the substance that would remain on one's hands after removing a catalytic converter.

Under the truck a deputy found a wrench with electrical tape wrapped around it, and nuts of the type used to fasten a catalytic converter to the vehicle were on the ground. The catalytic converter was partially removed. Inside the duffle bag, a deputy found an exhaust-pipe cutter used to remove catalytic converters from Toyota trucks. In a

2

backpack in the front of the van, he found other tools used to cut off exhaust pipes, a card with Labitoria's name on it and a receipt from Auto Zone for black electrical tape. Using the nuts he had found, the deputy refastened the catalytic converter back onto the truck.

Inside the van were three catalytic converters. Each was engraved with the letters SMF and had vehicle license plate numbers corresponding to catalytic converters stolen from vehicles in this case.

A jury found defendant guilty of three counts of grand theft (Pen. Code, § 487, subd. (a)) and one count of attempted grand theft (*id.,* § 664/487, subd. (a)). In bifurcated proceedings, the trial court found true the enhancement allegation that defendant had served a prior prison term. (*Id.,* § 667.5, subd. (b).) The trial court sentenced defendant to the upper term of three years on the first count of grand theft and concurrent midterms of two years each on the other two counts of grand theft, and a concurrent one year on the attempted theft. The trial court added an additional year for the prior prison term enhancement. The court ordered defendant to pay a restitution fund fine of $500 (*id.,* § 1202.4, subd. (b)), imposed and stayed a parole revocation fine of $500 (*id.,* § 1202.45) but imposed a victim restitution fine of $350, and ordered a court operations assessment of $160 (*id.,* § 1465.8) and a conviction assessment fee of $120 (Gov. Code, § 70373). The court awarded defendant a total of 386 days of presentence custody credits. (Pen. Code, § 4019.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, *supra*, 25 Cal.3d 436, requested the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant. We note the abstract of judgment includes a $40 "CPF" fee (item No. 9(d)). While the probation report

3

recommended that defendant be charged a $40 crime prevention fund program fee (Pen. Code, § 1202.5), such a fee was not orally pronounced by the court. We infer from the court's express remarks about defendant's inability to pay the main jail booking fee and classification fee that the court omitted to order the crime prevention fund fee for the same reason. Thus, the abstract of judgment must be amended to delete the $40 CPF fee. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court shall prepare an amended abstract of judgment that deletes the $40 CPF fee. As amended, the judgment is affirmed. A certified copy of the amended abstract shall be forwarded to the Sacramento County Sheriff.


                                                         _____BUTZ_____, J.



We concur:


_____BLEASE_____, Acting P. J.


_____MAURO_____, J.

4